**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **TENDAI MARAMBA, #A99-920-409,** ) | |
| Petitioners, ) | |
| ) | |
| v. ) | 3:08-CV-0351-K |
| ) | |
| **MICHAEL B. MUKASEY, et al.,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: Before the court are a petition for habeas corpus relief under 28 U.S.C. § 2241, et seq., and a motion for temporary restraining order (TRO) filed by a detainee of the Bureau of Immigration and Customs Enforcement (ICE).

Parties: Petitioner is presently confined by ICE at the Rolling Plains Detention Center in Haskell, Texas. He is represented by counsel.

Respondents are U.S. Attorney General Michael Mukasey, Secretary of the U.S. Department of Homeland Security Michael Chertoff, Rolling Plains Detention Center Warden Jill Watson, and ICE Director Nuria Prendes. The court issued process in this case.

In response to the court's order to show cause, Respondents filed a response seeking dismissal of the habeas petition and denial of the motion for TRO. Petitioner filed a reply.

Thereafter, the court issued a briefing order; both parties have responded by filing their respective briefs.

Statement of Case:  Petitioner, a native and citizen of Zimbabwe, entered the United States as a B-2 visitor on July 30, 2005.  He overstayed his six-month visa and was placed in removal proceedings.  While he conceded being removable, he applied for relief from removal in the form of asylum.  Following a hearing, an immigration judge (IJ) denied his claim for relief and ordered him removed.  The IJ characterized the case as being "fairly close" because the result depended in large part on Petitioner's credibility.  (Respondents' Appendix at 12). Petitioner appealed to the Board of Immigration Appeals (BIA), where his appeal is presently pending.

Thereafter, Petitioner was convicted of resisting arrest and was sentenced to thirty days confinement and a $200.00 fine, both of which have been satisfied.   On or about November 21, 2007, ICE took Petitioner in its custody, where he remains detained as of the filing of this recommendation.

In response to the court's briefing order, Petitioner conceded that the ICE director had set a bond at $100,000, which his family cannot afford.  (Pet's March 27, 2008 brief at 2 and 3).  He also conceded that his attorney (in the underlying removal/asylum case) filed a motion for bond redetermination.  (*Id.*)  On February 8, 2008, at an in-chamber meeting, the IJ allegedly refused to reduce the bond amount and advised the parties that he may even revoke the bond altogether. (*Id.* at 2).  Based on the IJ's adverse comments, Petitioner allegedly decided to rescind his request for bond reduction.  (*Id.*).

Subsequently on February 26, 2008, Petitioner filed this petition for writ of habeas

corpus, along with a TRO request. He seeks to prevent Respondents from removing him from the United States, and requests to be released from custody pending the outcome of his BIA appeal.

Findings and Conclusions: A party seeking a temporary restraining order or a preliminary injunction must prove each of the following elements: (1) that there is a substantial likelihood that the movant will prevail on the merits; (2) that there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that the granting of the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Petitioner cannot meet the above standard for the reasons set out more fully below. Therefore, his request for a temporary restraining order and/or a preliminary injunction should be denied.

The court agrees with Respondents' assertion that Petitioner is not subject to a final order of removal, since he appealed the IJ's removal order to the BIA, where it is presently pending. Hence Respondents cannot remove Petitioner at the present time. *See* 8 U.S.C. § 1231(a)(1)(A). Accordingly, any request to enjoin Respondents from removing Petitioner at the present time is premature and wholly meritless.

Next Petitioner challenges his detention pending resolution of his BIA appeal, and possibly Fifth Circuit appeal. 8 U.S.C. § 1226 governs the custodial status of aliens in pending removal proceedings. *See Zadvydas v. Davis,* 533 U.S. 678, 683, 121 S.Ct. 2491, 2495 (2001) (summarizing statutory provisions governing the custodial status of aliens in both pre-removal

order and post-final removal order cases). Unlike the mandatory detention provision under § 1226(c), which requires that the Agency detain a removable alien convicted of certain aggravated crimes during removal proceedings, Petitioner's detention is pursuant to § 1226(a). Under § 1226(a), the Attorney General may arrest and detain, or release on bond or conditional parole the alien pending the removal decision.[1] Where the Attorney General has determined the terms of custody of an alien pursuant to § 1226(a) or (b), an alien may seek a re-determination of that decision by an IJ. *See* 8 C.F.R. § 1236.1(d)(1); 8 C.F.R. § 1003.19(c)(1)-(3). The IJ's decision regarding bond may in turn be appealed to the BIA. 8 C.F.R. 1236.1(d)(3); 8 C.F.R. 1003.38(b).

Respondents urge the court to decline to exercise habeas jurisdiction unless Petitioner first exhausts his administrative remedies, by filing a motion for bond redetermination with an IJ, and by appealing the IJ's decision regarding bond to the BIA. Petitioner replies that he has exhausted his administrative remedies because his counsel previously filed an application for bond redetermination, which was rescinded following an in chamber discussion/agreement with the IJ. (Pet's Reply at 2). According to Petitioner, the IJ informally advised his counsel that he would not reduce the $100,000 bond and may even revoke the bond altogether. (Pet's Brief at 2).

At the outset the court must determine whether it has jurisdiction to review the terms of custody of an alien subject to pre-final removal order detention under § 1226(a). Section 1226(e) provides as follows:

---

[1] Section 1226(b) also gives the Attorney General discretion to revoke a bond or parole under subsection (a).

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).

8 U.S.C. § 1252(a)(2)(B)(ii) provides:

> (B) Denials of discretionary relief
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review-
> ...
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

In *Kambo v. Poppel*, 2007 WL 3051601, *6-10 (W.D. Tex. Oct. 17, 2007) (5:07-CV-0800-XR), the court found that under 8 U.S.C. § 1226(e) and the Fifth Circuit's decision in *Loa-Herrera v. Trominiski*, 231 F.3d 984 (5th Cir. 2000), as well as 8 U.S.C. § 1252(a)(2)(B)(ii), it lacked jurisdiction to review the decision to deny release on bond itself or the Attorney General's discretionary judgment regarding the application of § 1226(a), "including the manner in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints." *Loa-Herrera,* 231 F.3d at 991.

The court finds the *Kambo* decision persuasive and declines to exercise habeas jurisdiction over Petitioner's claims seeking release on supervision or a lower bond under § 1226(a).

Even assuming the court had jurisdiction to review the terms of Petitioner's custody

under § 1226(a), the court agrees with Respondents that exhaustion of administrative remedies applies. *See Rivera v. Gonzales*, 2006 WL 846345 (S.D. Tex. Mar. 31, 2006) (No H-06-CV-0028).

Under the facts of this case, Petitioner cannot show that he adequately exhausted his administrative remedies, or that exhaustion would be futile. Petitioner's reply and brief fail to explain in detail the IJ's position regarding the previous application for bond re-determination, and why the IJ intimated that he would deny it and possibly revoke the bond altogether. That Petitioner suffers from a post-traumatic stress disorder, and would benefit from being free on bond pending the BIA's decision on his removal/asylum case, does not absolve him from fully exhausting his administrative remedies. Moreover, it is undisputed that a request for bond re-determination must be filed with the immigration court, and that an IJ would likely hear any new bond re-determination request within a week of its filing. Accordingly, assuming the court had jurisdiction to review Petitioner's custody status under § 1226(a), Petitioner should at a minimum be required to exhaust his administrative remedies by filing an application for redetermination of his custody status with the immigration court, and appeal any unsatisfactory decision to the BIA.

Alternatively, insofar as Petitioner seeks to raise a pure constitutional challenge to the statute that permits his detention -- namely that his detention under § 1226(a) is unauthorized and violates the Due Process Clause -- the court should exercise jurisdiction without first requiring exhaustion of administrative remedies. *See Kambo v. Poppell*, 2007 WL 3051601 (W.D. Tex. 2007) (holding that court had jurisdiction over Kambo's third and fifth claims that his detention under § 1226(a) was without authority and excessively lengthy and violated the

Constitution's due process clause as applied to him); *see also Fuller v. Gonzales,* 2005 WL 818614, at *2 (D. Conn. April 8, 2005) (No. Civ. A. 3:04-CV-2039-SRU) (holding that petitioner's claim that § 1226(c) was unconstitutional as applied to her was within the court's jurisdiction and that claim need not be exhausted through the BIA because the BIA cannot address constitutional issues).

The Fifth Circuit has recognized that federal courts "retain habeas jurisdiction to review statutory and constitutional claims." *Bravo v. Ashcroft,* 341 F.3d 590, 592 (5th Cir. 2003). Such "distinction comports with the historical understanding of the writ of habeas corpus as a mechanism for remedying for an official's refusal to exercise discretion, but not a 'substantively unwise exercise of discretion.'" *Id.* at 592-93 (quoting *I.N.S. v. St. Cyr,* 533 U.S. 389, 307, 121 S. Ct. 2271 (2001)). Additionally, federal district courts have habeas jurisdiction to review constitutional and statutory challenges to detention. *See Demore v. Kim,* 538 U.S. 510, 517-18, 123 S.Ct. 1708 (2003) (analyzing challenge to mandatory detention under 8 U.S.C. § 1226(c), mandatory detention provision); *Oyelude v. Chertoff,* 125 Fed. App'x 543, 546 (5th Cir. 2005) (addressing challenge to discretionary detention under 8 U.S.C. § 1226(a)). *See also Ly v. Hansen,* 351 F.3d 263 (6th Cir. 2003) (holding that indefinite detention under § 1226 is unconstitutional, and that courts can conduct habeas review of § 1226 detentions-when continued detention is unreasonable given the time that has elapsed in completing removal proceedings and the likelihood of actual removal).²

---

² In *Oyelude*, the Fifth Circuit noted that while "[s]ection 1226(e) may strip us of jurisdiction to review judgments designed as discretionary under the pertinent language of the statute, . . . it does not deprive us of all authority to review statutory and constitutional challenges." *Oyelude,* 125 Fed. Appx. 543, at *2. The Court then held that it "retain[ed] jurisdiction to review Oyelude's detention [during pendency of his removal proceedings] insofar

Liberally construed, the petition in this case raises the following issue: whether Petitioner's continued detention under § 1226(a), in light of his mental disorder and the unclear circumstances regarding the withdrawal of his prior bond redetermination application, raises due process concerns.

The Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent. *Zadvydas v. Davis,* 533 U.S. 678, 693, 121 S.Ct. 2491 (2001) (authorizing potentially permanent or indefinite detention of aliens subject to a final removal order beyond 90 days only as long as is reasonably necessary to secure removal). The Due Process Clause contains both a substantive and a procedural component. In *United States v. Salerno,* the Supreme Court explained:

> [T]he Due Process Clause protects individuals against two types of government action. So-called "substantive due process" prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. This requirement has traditionally been referred to as "procedural" due process.

*United States v. Salerno,* 481 U.S. 739, 746, 107 S.Ct. 2095 (1987) (citations omitted).

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim,* 538 U.S. 510, 531, 123 S.Ct. 1708 (2003) (mandatory detention of criminal aliens during removal proceedings under 8 U.S.C. § 1226(c) is constitutionally valid even where there has been no individualized finding that the alien is unlikely to appear for his deportation hearing). The Court in *Kim* distinguished between the valid detention there, and that at issue in *Zadvydas,* noting that in *Zadvydas* "removal was no longer practically attainable" and

---

as that detention present[ed] constitutional issues, such as those raised in a habeas petition." *Id.*

that "the period of detention at issue in *Zadvydas* was 'indefinite' and 'potentially permanent.' " *Id.* at 527-28, 123 S.Ct. 1708.

In this case, Petitioner has been in custody since November 21, 2007, approximately four and one-half months. His detention has a definite termination point and, thus, is neither "indefinite" nor "potentially permanent." Upon completion of the appeal process, Petitioner will be subject to removal from the United States, or will be granted asylum. There is no indication that his custody will last longer than the duration of his removal proceedings. *But c.f. Kambo*, 2007 WL 3051601, *20 (granting habeas relief on the ground that Kambo's eleven to twelve month detention exceeded the short period of detention pending a determination of removability that the Supreme Court assumed was typical when it decided *Kim*, and noting that the IJ's ruling on the merits suggested that there was a significant likelihood that Kambo would not be removed, that his detention was unjustified, and that he was not an alien subject to the no-bond, no review classification described in § 237(a)(4)(D)).

The court is sympathetic to Petitioner's mental disorder, which contributed in whole or in part to his criminal conviction for resisting arrest, his family's limited finances, and his desire to be free (whether on supervision or a lower bond), while awaiting a decision on his BIA appeal. These factors, however, do not raise claims of constitutional concern as pled in the habeas corpus petition. Nor does Petitioner's assertion that he was denied a hearing on his previous application for bond/custody redetermination, as a result of the in-chamber conference, raises a claim of constitutional magnitude. Petitioner's pleadings fail to provide any support whatsoever for his conclusory allegation that the IJ's in-chamber conference, which ultimately led him to withdraw his request for custody redetermination, violated his due process rights. Accordingly,

9

the court concludes that the habeas petition fails to raise a cognizable constitutional challenge to section 1226(a) and the extent of the Attorney General's authority under section 1226(a).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus and Petitioner's request for a temporary restraining order and a preliminary injunction be DENIED.

Signed this 11th day of April, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.